2. INTERPLEADER, § 18*—*when decree on cross-bill of is erroneous.* On a creditor's bill to reach a master's certificate of sale in fore-closure proceedings, alleged to have been conveyed by a judgment debtor of plaintiffs, in fraud of plaintiffs, where the sheriff to whom money had been paid in redemption of the land from the certificate filed a cross-bill of interpleader to determine the title to the fund, a separate decree on the cross-bill granting the prayer of the cross-bill and ordering the fund paid to the clerk of court and cross complainant discharged from further liability, *held* erroneous for want of an order to cross defendants to interplead, on the authority of *Zimmer v. Iles,* No. 21,709, *ante,* p. 1.

3. APPEAL AND ERROR, § 384*—*when separate decrees on bill and cross-bill of interpleader treated as made in same cause.* Although where separate decrees are rendered on a bill and cross-bill, it is anomalous to combine the objections to both decrees in one writ of error, yet where the point was not raised in the trial court the decrees will be treated on review as made in the same cause.

---

## Mid-City Trust & Savings Bank, Defendant in Error, v. National Surety Company, Plaintiff in Error.

### Gen. No. 21,721.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

## Statement of the Case.

Action by the Mid-City Trust & Savings Bank, a corporation, plaintiff, against the National Surety Company, a corporation, defendant, in the Municipal Court of Chicago, to recover on a bond whereby defendant agreed to indemnify plaintiff for any loss sustained "by reason of any act of  *  *  *  forgery" by any employee covered by the bond. To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

The loss sought to be recovered was occasioned

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mid-City Trust & Sav. Bank v. National Surety Co., 202 Ill. App. 6.

by four checks forged by an employee covered by the bond, all of which were stipulated to have been made during employment, although two were not presented and paid until later.

Charles H. Burras, for plaintiff in error.

No appearance for defendant in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Stipulations, § 19*—*what is effect of.* In an action on a bond whereby defendant, a surety company, agreed to indemnify plaintiff for any loss sustained "by reason of any act of * * * forgery" on the part of any employee covered by the bond, where two or four forged checks causing the loss sought to be recovered for were not presented and paid until after the employment ended, the dates of the checks are immaterial where it is stipulated that all were made during employment.

2. Forgery, § 2*—*what constitutes.* In an action on a bond where defendant, a surety company, agreed to indemnify plaintiff for any loss sustained "by reason of any act of * * * forgery" on the part of any employee covered by the bond, checks made during employment but not presented and paid until after the employment ceases are forgeries within the meaning of the bond, if the checks are false writings, apparently capable of defrauding, and manifestly made with intent to defraud, and the act of uttering is unnecessary.

3. Indemnity, § 24*—*when forged checks are admissible in evidence.* In an action on a bond whereby defendant, a surety company, agreed to indemnify plaintiff for any loss sustained "by reason of any act of * * * forgery" on the part of any employee covered by the bond, where the loss sought to be recovered for was caused by forged checks, two of which were not presented and paid until after the termination of the employment, such checks are rendered competent by a stipulation that they were made during employment, coupled with undeniable evidence of forgery.

4. Indemnity, § 24*—*when evidence sufficient to sustain judgment for plaintiff.* In an action on a bond whereby defendant, a surety

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

company, agreed to indemnify plaintiff for any loss sustained "by reason of any act of * . * * forgery" on the part of any employee covered by the bond, where the loss was caused by forged checks, evidence *held* sufficient to sustain a judgment for plaintiff.

## Johanna Rau Longhi, Appellee, v. Emilio Longhi, Appellant.

### Gen. No. 21,735.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. David F. Matchett, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed November 14, 1916.

### Statement of the Case.

Bill for separate maintenance by Johanna Rau Longhi, complainant, against Emilio Longhi, defendant, in the Circuit Court of Cook county.   To reverse an order adjudging defendant in contempt for failing to pay temporary alimony as ordered, defendant appeals.

It appeared that on appeal by defendant from a final decree granting the relief prayed, the Appellate Court affirmed the decree, but granted a stay of the order of affirmance during such time as a petition for certiorari to review the judgment of the Appellate Court might be pending in the Supreme Court.   The default in question was after the affirmance by the Appellate Court.

James R. Ward, for appellant.

John C. Mechem, for appellee; Mechem, Bangs & Harper, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.